**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| SONIA HERNANDEZ, on behalf of herself and others similarly situated, | |
| BLANCA MENJIVAR, on behalf of herself and others similarly situated, | |
| and | |
| SIDIA BELTRAN, on behalf of herself and others similarly situated, | |
| *Plaintiffs*, | |
| v. | Civil Action No.: |
| KELLER BROTHERS, INC., | |
| FERVAS CONSTRUCTION LLC, | |
| GREEN GENERATION LANDSCAPING & DESIGN, LLC, | |
| and | |
| FERNANDO VASQUEZ, | |
| *Defendants.* | |

## INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT

1.     This action arises under federal and Maryland law from Defendants' failure to properly pay Plaintiff and from Defendants' misclassification of Plaintiffs as independent contractors.  Plaintiffs bring this case on behalf of themselves and also as a collective action, on behalf of others similarly situated.

2.     Plaintiffs allege that Defendants violated the federal Fair Labor Standards Act "FLSA"); the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. §§ 3-401 *et seq.*; the Maryland Wage Payment and Collection Law (the "MWPCL"), Md. Code, Lab. & Empl. § 3-501 *et seq.*; the Maryland Prevailing Wage Rate Law (the "MPWRL"), Md. Code, State Fin. & Proc. § 17-201 *et seq.*; and the Maryland Workplace Fraud Law, Md ("MWFL"). Md. Code Ann., Lab. & Empl. § 3-901 *et seq.*

## INTRODUCTION

3.     Wage theft is prevalent in the construction industry in Maryland and the metropolitan Washington, D.C. region.  This is a case of wage theft.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331, which confers jurisdiction over "all civil actions arising under  the Constitution, laws, or treaties of the United States."  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1337, which confers federal jurisdiction over "any civil action or proceeding arising under any Act of Congress regulating commerce."

5.     This Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367(a), which confers federal subject matter jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  Plaintiffs' state-law claims and federal claims arise from a common set of operative facts and are so related to the claims within the original jurisdiction of the Court that they form part of the same case or controversy.

6.     Venue is proper because Defendants regularly conduct business in the Southern Division of the District of Maryland and because a substantial part of the events giving rise to Plaintiffs' claims occurred in that Division.

## PARTIES

7.     Defendant Keller Brothers, Inc. ("Keller") is a Maryland corporation which is in the construction business and which often acts as a construction general contractor.  Its principal place of business is in Mount Airy, Maryland.  This lawsuit seeks relief from any entity affiliated with or controlled by Keller to the extent that such entity may be liable to Plaintiffs for the misconduct alleged in this Complaint.

8.     Defendant FERVAS Construction LLC ("Fervas") is a Maryland limited liability company in the construction business.  Its registration as an LLC is not in good standing with the state of Maryland.  Its registered agent is Fernando Vasquez.  Its principal place of business is in Montgomery County, Maryland.  This lawsuit seeks relief from any entity affiliated with or controlled by Fervas to the extent that such entity may be liable to Plaintiffs for the misconduct alleged in this Complaint.

9.     On its website Fervas indicates that it "provide[s] "skill man power [sic]" for construction work. The website also says that the company "is owned and operated by Fernando Vasquez."

10.     Defendant Green Generation Landscaping & Design, LLC ("Green Generation") is a Maryland limited liability company.  Its principal place of business is in Montgomery County Maryland.  Its resident agent is Fernando Vasquez.  On information and belief, Green Generation

is the alter ego of Green Generation Contractors LLC, a Maryland limited liability company whose principal place of business is in Montgomery County, Maryland and whose resident agent is also Fernando Vasquez. Green Generation provides both landscaping and construction services. This lawsuit seeks relief from any entity affiliated with or controlled by Fervas to the extent that such entity may be liable to Plaintiffs for the misconduct alleged in this Complaint.

11.     Fernando Vasquez is a resident of Montgomery County, Maryland. He is the owner and manager of Fervas and Green Generation.

12.     Plaintiff Sonia Hernandez is a resident of Montgomery County, Maryland and a construction worker and a landscaping worker. She has worked for Defendant Fernando Vasquez and his companies since approximately 2016.

13.     Plaintiff Blanca Menjivar is a resident of Montgomery County, Maryland and a construction worker and a landscaping worker. She has worked for Defendant Fernando Vasquez and his companies since approximately the fall of 2020.

14.     Plaintiff Sidia Beltran is a resident of Montgomery County, Maryland and a construction worker and a landscaping worker. She has worked for Defendant Fernando Vasquez since approximately August 2021.

### FACTUAL ALLEGATIONS

15.     Defendants Fervas and Green Generation operated largely as a single enterprise, to further the business interests of the companies' owner, Fernando Vasquez. Because it was not (and is not) in good standing, Fervas was not entitled to conduct business. Green Generation often paid the debts of Fervas, including wages owed to Plaintiffs and other workers. These two

companies and their owner, Fernando Vasquez, will be collectively referred to as the "Vasquez Enterprise."

16.     Since at least approximately 2020, when the Vasquez Enterprise performed construction work it did so as a subcontractor of Keller.

17.     On numerous occasions in 2023 and in prior years the Vasquez Enterprise caused or suffered Plaintiffs and others similarly situated to work overtime—more than forty hours in a workweek.

18.     When Plaintiffs worked overtime for the Vasquez Enterprise, they were paid at their regular rate of pay rather than the legally required time-and-a-half overtime rate.

19.     Keller Brothers, acting as a general contractor, subcontracted with the Vasquez Enterprise to perform construction work on construction projects in Maryland and Virginia.

20.     Some of the Maryland construction projects were funded by the State of Maryland and were "Prevailing Wage Construction Projects." Contractors working on these projects were required by law to pay the wages of their construction workers at specified "prevailing" wage rates and to provide certain other benefits.

21.     Among the Prevailing Wage Construction Projects at which Plaintiffs worked for the benefit of Keller and the Vasquez Enterprise during the first eight months of 2023 was a construction project at the Parkland Magnet Middle School for Aerospace Technology located at 4610 W Frankfort Dr, Rockville, MD 2085.

22.     Plaintiffs were paid less than the required prevailing wage for their work on this project.

23.     Among the Prevailing Wage Construction Projects at which Plaintiffs worked during the first eight months of 2023 for the benefit of Keller and the Vasquez Enterprise was a construction project located at the William Tyler Page Elementary School at 13400 Tamarack Rd, Silver Spring, MD 20904.

24.     Plaintiffs were paid less than the required prevailing wage for their work on this project.

25.     Among the projects at which Plaintiffs worked during the first eight months of 2023 for the benefit of Keller and the Vasquez Enterprise was a construction project located at a fire station at 23420 Frederick Rd Clarksburg, MD.  This project was funded by funds from the government of Montgomery County.  A prevailing wage scheme set out in the Montgomery County Code required that Plaintiff be paid at prevailing wage wage rates for their work on this project.

26.     Plaintiffs were paid less than the required prevailing wage for their work on this project.

27.     Plaintiffs and others similarly situated were paid significantly less than the required prevailing wage rates at the Prevailing Wage Construction Projects at which they worked.

28.     At both the Prevailing Wage Construction Projects and at other construction projects Defendants were required by law to keep detailed records of the hours worked by and the amounts paid to Plaintiffs and others similarly situated.  Defendants have ready access to these records but Plaintiffs do not.

29.     At all relevant times Defendant Vasquez paid or caused to be paid to Plaintiffs and others similarly situated their wages and had the power to fire Plaintiffs and to hire other persons to replace them and had the power and authority to give work-related instructions to Plaintiffs.

30.     At all relevant times, with respect to projects at which Plaintiffs worked at for which Keller was the general contractor, Keller had the power to assign work to Plaintiffs, to set the hours worked by Plaintiffs and, as a practical matter, to fire Plaintiffs.  Keller directly supervised the work of Plaintiffs at all such projects.  Little or no supervision was provided by the Velasquez Enterprise, including Defendant Velasquez.

31.     Although Plaintiffs were employees, they were treated as and classified as independent contractors, including by not having taxes and other payroll deductions taken from their paychecks and by not being paid at the overtime rate for overtime work.  Plaintiffs were not given W-2 tax forms, which must, by law, be provided to persons classified as employees.

32.     Plaintiffs were employers of all Defendants under federal and Maryland law and, consequently, all Defendants are liable to all Plaintiffs for the violations of federal and state wage and hour law, wage payment law and misclassification law that caused harm to Plaintiffs.

33.     Defendant Keller is strictly liable for the Maryland WPCL and MPWRL claims because one of its subcontractors was an employer of Plaintiffs.

34.     All Defendants are directly liable for violations of Maryland prevailing wage law that caused harm to Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

35.    This action is maintainable, as to the FLSA and MPWRL claims, as an opt-in collective action pursuant to the procedures set out in 29 U.S.C. § 216(b) and Md. State Finance and Procurement Code § 17-224(f).

36.    Defendants failed to pay Plaintiffs and others similarly situated at the overtime rate for overtime hours worked.

37.    Defendants failed to pay Plaintiffs and others similarly situated at the hourly rates guaranteed to them under the MPWRL and to provide other benefits required by the MPWRL.

38.    This action can be maintained as a collective action for all claims that can be prosecuted as a collective action.

39.    The members of the potential collective action have been subjected to the same or substantially the same pay policies and practices.  The identities of the members of the proposed collective action are known to Defendants and can be located through Defendants' records.

40.    Plaintiffs hereby consent to be party plaintiffs in this action under 29 U.S.C. § 216(b) and the MPWRL.  If this case does not proceed as a collective action, Plaintiffs intend to seek relief individually and this Complaint should be construed as advancing only the claims of the named Plaintiffs and should proceed on that basis so as to permit the Plaintiffs to fully vindicate their rights.

## CAUSES OF ACTION

### COUNT I
### FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")

41.     Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

42.     The FLSA requires that employers pay non-exempt employees one and one-half times their regular hourly rate for all hours over forty worked in one week.

43.     For purposes of the FLSA, Plaintiffs were employees of each Defendant and each Defendant was their employer.

44.     During certain weeks Plaintiffs worked more than forty hours per week and were entitled to be compensated for that overtime work at the properly calculated overtime rate.

45.     Defendants did not pay Plaintiffs at the overtime rate for their overtime work.

46.     Defendants' violations of the FLSA were repeated, willful, and without reasonable justification.

47.     Consequently, Defendants are liable to Plaintiffs for the maximum amount permitted to be awarded under the FLSA (including liquidated damages) and for any other further relief this Court deems appropriate.

### COUNT II
### VIOLATION OF THE MARYLAND WAGE AND HOUR LAW ("MWHL")

48.     Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

49.     The MWHL requires that employers pay non-exempt employees one and one-half times their regular hourly rate for all hours over forty worked in one week.

50. For purposes of the MWHL, Plaintiffs were employees of each Defendant and each Defendant was their employer.

51. During certain weeks Plaintiffs worked more than forty hours per week and were entitled to be compensated for that overtime work at the properly calculated overtime rate.

52. Defendants did not pay Plaintiffs at the overtime rate for their overtime work.

53. Defendants' violations of the MWHL were repeated, willful, and without reasonable justification.

54. Consequently, Defendants are liable to Plaintiffs for the maximum amount permitted to be awarded under the MWHL (including liquidated damages) and for any other further relief this Court deems appropriate.

<u>**COUNT III**</u>
**VIOLATION OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW (MWPCL)**

55. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

56. All Defendants were employers who employed Defendants for purposes of the MWHL.

57. Under the MWPCL, Defendants were required to pay Plaintiffs all wages due for work performed.

58. For each hour worked Defendants were required to pay Plaintiffs the greater of: (1) the wages they were promised, (2) the prevailing wage rate required by state law, (3) or, for qualifying hours, the overtime rate they were entitled to pursuant to state and federal law.

59.     Defendants failed to timely pay Plaintiffs all of their required wages, in violation of the MWPCL.

60.     Under the MWPCL, "a general contractor on a project for construction services is jointly and severally liable for a violation of this subtitle that is committed by a subcontractor, regardless of whether the subcontractor is in a direct contractual relationship with the general contractor." Md. Code, Lab. & Empl. § 3-507.2.

61.     Defendant Keller is therefore, under this provision of the statute, jointly and severally liable for the violations of the MWPCL committed by subcontractors on projects where it was the general contractor.

62.     Defendants' violations of the MWPCL were repeated, willful, and without reasonable justification.

63.     Defendants are liable to Plaintiffs for the maximum amount permitted to be awarded under the MWPCL (including liquidated damages) and for any other further relief this Court deems appropriate.

<u>COUNT IV</u>
**VIOLATION OF THE MARYLAND PREVAILING WAGE RATE LAW ("MPWRL")**

64.     Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

65.     The MPWRL provides that: a) "each contractor [on a prevailing rate project] shall pay not less than the prevailing wage rate of straight time to an employee for each hour that the employee works;" and b) "A contractor and subcontractor shall pay an employee the prevailing wage rate of overtime for each hour that the employee works: (1) in excess of 10 hours in any

single calendar day; (2) in excess of 40 hours per each workweek; or (3) on Sunday or a legal holiday." Md. Code, State. Fin. & Proc.§ 17-214.

66.     The MPWRL further provides that "[t]he contractor and subcontractor shall be jointly and severally liable for any violation of the subcontractor's obligations under this section." Md. Code, State. Fin. & Proc. § 17-224.

67.     Defendants paid Plaintiffs at rates less than those required at prevailing rate projects.

68.     Defendants are liable to Plaintiffs for the maximum amount permitted to be awarded under the MPWRL (including liquidated damages) and for any other further relief this Court deems appropriate.

<u>COUNT V</u>
**VIOLATION OF THE MARYLAND WORKPLACE FRAUD LAW ("MWFL")**

69.     Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

70.     The MWFL forbids employers from misclassifying employees in the construction or landscaping industries as independent contractors.  Md. Code, Lab. & Empl. Art. §§ 3-902 - 903.

71.     Defendants improperly classified Plaintiffs as independent contractors

72.     As a result of being improperly classified as independent contractors Plaintiffs were harmed, including by not being paid at the overtime rate for overtime work.

73.     Defendants are liable to Plaintiffs for the maximum amount permitted to be awarded under the MWFL and for any other further relief this Court deems appropriate.

## PRAYER FOR RELIEF

74.    WHEREFORE, Plaintiffs respectfully request that the Court enter judgment

against Defendants on all counts and grant Plaintiffs and (to the extent that this matter proceeds as

a collective action) all similarly situated individuals the following relief:

    i.   Compensation that should have been paid but was not paid;

    ii.  All liquidated damages authorized or permitted by law;

    iii. The maximum of any other damages permitted by law

    iv.  Reasonable attorneys' fees and expenses incurred in the prosecution of this action;

    v.   Costs that they incur in the prosecution of this action;

    vi.  Interest as permitted by law; and

    vii. Any additional relief the Court deems just.


Dated:  January 25, 2024              Respectfully submitted,

/s/ Matthew B. Kaplan
Matthew B. Kaplan, D. Md. Bar No. 18724
THE KAPLAN LAW FIRM
1100 N Glebe Rd, Suite 1010
Arlington, VA 22201
(703) 665-9529
mbkaplan@thekaplanlawfirm.com

Matthew Handley, D. Md. Bar No. 18636
HANDLEY FARAH & ANDERSON PLLC
201 Connecticut Avenue NW, Suite 200K
Washington, DC  20036
Telephone: 202-559-2411
email: mhandley@hfajustice.com

*Counsel for Plaintiffs*